**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

WSN CONSTRUCTION, LLC,

CASE NO. 26-40059-MWC
CHAPTER 11

Debtor.
_______________________________/

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT BETWEEN (I) THE DEBTOR, AND (II) HARBOR DEVELOPERS, LLC AND (III) BRADFORD HILLS, LLC**

Notice of Opportunity to Object and for Hearing

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the proof of service plus an additional three (3) days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL 32301, and serve a copy on the movant's attorney, Bruner Wright, P.A., at 2868 Remington Green Circle, Suite B, Tallahassee, FL 32308, and any other appropriate person with the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

WSN Construction, LLC (the "Debtor"), through the undersigned counsel, files this Motion for Approval of a Compromise and Settlement ("Motion") pursuant to Fed. R. Bankr. P. 9019(a) and 9006(c)(1). This Motion seeks approval of the partial settlement agreement reached with Harbor Developers, LLC and Bradford Hills, LLC ("collectively the "Claimants"). In support of this Motion, the Debtor states as follows:

**Background**

1. The Debtor filed this Chapter 11 case on February 3, 2026 (the "Petition Date").

2. Prior to the Petition Date, the Debtor entered into an agreement with the Claimants to perform construction work on a development project located in Tallahassee, Florida (the "Project").

3. Disagreements arose between the Debtor and the Claimants regarding multiple issues surrounding the work to be performed at the Project.

4. On November 6, 2025, Claimants sent the Debtor a demand for payment and warranty work. On December 24, 2025, Claimants sent the Debtor a demand letter for insurance information pursuant to Florida Statute § 627.4137.

5. The Debtor asserts that it has claims against Claimants for breach of contract and potentially other claims.

6. Post-petition, the Claimants filed three general unsecured claims totaling $371,164.66[1] associated with alleged damages incurred associated with the Debtor's work on the Project.

7. On May 14, 2026, the Claimants filed their Motion for Relief from the Automatic Stay (ECF No. 51, the "Relief Motion"). The Relief Motion sought relief from the automatic stay to allow Claimants to pursue litigation against the Debtor in a non-bankruptcy forum and recover from Debtor's liability insurance policy[2].

---

[1] *See* Claim Nos. 22-2, 23-1, and 28-1.

[2] Specifically, commercial general liability policy issued to Debtor by Clear Blue Specialty Insurance Company on June 25, 2024 bearing Policy No. AR01-RS- 2408306-00 (the "Policy").

8. The Debtor filed its Objection to the Relief Motion on June 1, 2026, asserting, among other arguments, that the Debtor held valid compulsory counterclaims against the Claimants.

9. The Court held a preliminary hearing on the Relief Motion and Objection on June 10, 2026. At the hearing, the Court ordered the parties to attend a settlement conference, which was subsequently scheduled to take place on July 23, 2026.

10. At the settlement conference, the parties agreed to a partial resolution of the claims between the parties.

11. The terms of the agreement between the parties, which are memorialized in this Motion, and may be further memorialized in the Debtor's Plan and in any Order approving this Motion, are as follows:

- The Debtor will consent to the Claimant's Relief Motion for the sole purpose of allowing the Movants to obtain *in rem* relief against the Policy. Movants shall not seek *in personam* relief against the Debtor in any non-bankruptcy forum, except to the extent necessary to establish Debtor's liability on the Claims as set forth above and defend against any counterclaims Debtor may asset against Movants. Movants may assert their Claims directly against Debtor, with Debtor named as a party Defendant, outside of bankruptcy, in furtherance of obtaining relief solely from any insurer of Debtor, including any declaratory action necessary to establish coverage for the Claims.
- The Debtor retains the right to assert any available defenses and/or counterclaims in any lawsuit brought against it by Claimants.

- The Debtor will file a further Amended Plan (the “Amended Plan), pursuant to the provisions enumerated below.
- The Claimants agree not to object to confirmation of the Debtor’s Amended Plan, provided that the Amended Plan includes the following provisions:
    i. Total distributions under the Amended Plan to general unsecured creditors shall remain at $50,000 over a period of five (5) years, as provided for under the Debtor’s current Plan.
    ii. For distribution purposes only, the Claimants will have their unsecured claims valued at $300,000.00, $100,000.00 and $100,000.00, respectively, for a total of $500,000.00. The Claimant’s distributions on account of said claims shall be held in escrow by the Debtor’s counsel, pending resolution of litigation in state court involving Claimants and the Debtor.
    iii. The estimated value of the claims for distribution purposes shall not constitute a waiver of or in any way impact the validity or value of any claims and defenses of Debtor or Claimants. Nor shall the estimated value of the claims for distribution purposes have any bearing, weight, or evidentiary value in any litigation pursued by the Claimants in any non-bankruptcy forum.
    iv. The Debtor shall not be required to object to Claimants’ claims in order to preserve its defenses and counterclaims in any state court litigation.

v. In the event that Claimants' claim(s) is/are disallowed in the state court litigation, the escrowed funds held on behalf of Claimants shall be redistributed to holders of allowed general unsecured claims.

vi. In the event the Debtor is found to be liable to the Claimants in the state court litigation, but Claimants do not receive any recovery or settlement from the Debtor's insurer, the Claimants will be entitled to receive their distributions under the Debtor's Amended Plan.

vii. If Claimants receive a recovery or settlement with the Debtor's insurer, Claimants shall be entitled to their distributions under the Debtor's Amended Plan, provided that any such recovery or settlement is less than $500,000.00. If Claimants receive $500,000.00 or more from the insurer, as recovery or settlement funds, then the Claimants shall not be entitled to their distributions under the Debtor's Amended Plan and the escrowed funds held on behalf of Claimants shall be redistributed to holders of allowed general unsecured claims.

viii. Claimants shall not vote to reject the Debtor's Amended Plan nor shall Claimants seek to have their claim(s) determined to be nondischargeable. However, in the event the Debtor receives a discharge prior to the conclusion of the litigation contemplated by this agreement, that discharge will not otherwise affect Claimants'

ability to pursue or engage in the litigation contemplated in this agreement until the claims are fully liquidated.

12. The Debtor submits that this proposed partial settlement is in the best interests of the estate and in furtherance of the rehabilitation goals of this proceeding.

13. Accordingly, the proposed partial settlement falls within the range of reasonableness and should be approved. *See, e.g.*, *In re Pullum*, 598 B.R. 489, 492–93 (Bankr. N.D. Fla. 2019).

**MEMORANDUM OF LAW**

14. Federal Rule of Bankruptcy Procedure 9019(a) provides that, after notice and a hearing, a court may approve a proposed settlement.

15. The Eleventh Circuit Court of Appeals has promulgated the following test for approval of a settlement:

- The probability of success in litigation;
- The difficulties, if any, to be encountered in the matter of collection;
- The complexity of the litigation involved and the expense, inconvenience, and delay associated therewith; and
- The interest of the creditors and a proper deference to their reasonable views regarding the matter.[3]

16. Pursuant to the standard set forth in *Justice Oaks II*, modified by the context of the limited scope of this partial settlement, the Settlement Agreement between the Parties should be approved by this Court.

[3] *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990).

17. The Debtor submits that this Agreement is in the best interests of the Debtor's estate and its creditors.

18. As a result of this Agreement, the Parties will save a substantial amount of money on attorney's fees by not having to litigate any issues regarding the Claimants' potential objections to confirmation or the potential nondischargeability of Claimants' claims via an adversary proceeding.

19. The Parties request that the Court grant this Motion and approve the Agreement.

WHEREFORE, Debtor respectfully requests that the Court grant the instant Motion, approve the Agreement between the Parties set forth herein, and grant any other relief the Court deems just and proper.

Dated: August 10, 2026

Respectfully submitted,

**Bruner Wright, P.A.**
*Counsel for Debtors-In-Possession*
2868 Remington Green Circle
Tallahassee, FL 32308
Office: (850) 385-0342
Fax: (850) 270-2441

By: */s/ Byron Wright III*
Byron Wright III
Florida Bar No. 118971
twright@brunerwright.com
Robert C. Bruner
Florida Bar No. 0065876
rbruner@brunerwright.com
Samantha A. Kelley
Florida Bar No. 0115526
skelley@brunerwright.com

**CERTIFICATE OF SERVICE**

I, Byron Wright III, hereby certify that a true and accurate copy of the above-named document was served on the following in the manner stated below:

**1. Served by the Court via Notice of Electronic Filing (NEF):** I have confirmed that the above-named document was served by the Court via NEF on August 10, 2026 to the following persons at the email addresses noted herein:

Kathleen L DiSanto
disanto.trustee@bushross.com,
kdisanto@bushross.com;bankruptcy.eservice@bushross.com;ecf.alert+disantoflnb@titlexi.com;kdisanto@ecf.courtdrive.com

Blake J. Delaney on behalf of Creditor Caterpillar Financial Services
blake.delaney@bipc.com; kara.bernstein@bipc.com; eservice@bipc.com

Jimmy Dye on behalf of Creditor Prime Meridian Bank
dlf@dlfpa.com

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

Julia Anne Osmolia on behalf of Creditors Bradford Hills, LLC, Harbor Developers, LLC
jaosmolia@stearnsweaver.com

Eric J Silver on behalf of Creditors Bradford Hills, LLC, Harbor Developers, LLC
esilver@stearnsweaver.com,
cgraver@stearnsweaver.com;bank@stearnsweaver.com;larrazola@stearnsweaver.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

2. **Served by U.S. Mail:** The foregoing document was served by first class, postage prepaid, U.S. Mail on the parties in the attached mailing matrix.

Date: August 10, 2026

*/s/ Byron Wright III*
Byron Wright III